

FILED

06/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0126

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0126

MEL COOK, LOEY KNAPP,
JAMES WALTERS, DAVID MCKINLEY,
SUSAN EVANS, PAT GRONINGER, and
TERRI GRONINGER,

      Plaintiffs and Appellees,

and

TOWN OF STEVENSVILLE,

      Intervenor and Appellee,

  v.

BERTA'S FARM, LLC,

      Defendant and Appellant.

**O R D E R**



FILED

JUN 1 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Appellant Berta's Farm, LLC, moves for stay of execution of the Twenty-First Judicial District Court's February 14, 2024 Findings of Fact, Conclusions of Law, and Order directing the Town of Stevensville to abate a nuisance on Berta's Farm's property. The District Court denied Appellant's first motion for stay of execution on April 16, 2024. After a second motion, the court again declined to stay execution of the judgment but granted Berta's Farm's request for waiver of the bond requirement should this Court approve a stay. Plaintiffs and Appellees and Intervenor Town of Stevensville have filed a joint response, opposing a stay of execution.

Under the Montana Rules of Appellate Procedure, a person first must seek a stay in district court. M. R. App. P. 22(1)(a)(i). Berta's Farm sought a stay in the District Court, which denied its request. When reviewing a district court's denial of a motion for stay, this Court is guided by Rule 22(2)(a), which requires that a party seeking relief from the order

demonstrate good cause for the relief requested. Berta's Farm argues that a stay should be granted because the abatement activities the District Court ordered "are actions that the Plaintiffs and the Town agreed were resolved back in 2018." Berta's Farm asserts that the parties addressed these issues six years ago, when they all sought dismissal of the Town from this lawsuit. Finally, Berta's Farm represents that the issues involving the Town are moot because "in the interim, the Town and representatives of Berta's Farm met and have agreed upon a resolution to the issues of concern to the Town."

The Appellees' joint response takes issue with these representations, asserting that although Town officials have met with counsel for Berta's Farm, the Town of Stevensville has not "agreed upon a resolution to the issues of concern to the Town," and the issues involving the Town are not moot. The Appellees point out that the Town responded to identical arguments Berta's Farm made before the District Court, and the court denied the stay. The Town, which now has intervened as a party by leave of this Court, asserts that it is actively abating the nuisance, has not agreed with Berta's Farm about the scope of anything, and intends to continue its abatement work until it has fully complied with the District Court's order.

Upon review of the parties' submissions, we agree that Berta's Farm's motion to this Court appears to make assertions substantively identical to those made before the District Court—representations of fact that the Appellees vigorously dispute. We conclude that Berta's Farm has not demonstrated good cause for relief from the District Court's order.

IT IS THEREFORE ORDERED that the Appellant's Motion for Stay is DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED this 18 day of June, 2024.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3